The Vice-Chancellor.
There is no doubt that under the late bankrupt act of congress, the general assignee of a banktrupt became vested with his rights of property, including the right for the benefit of creditors, to set aside all transactions made by the bankrupt to defraud his creditors, or in fraud of the bankrupt law. Nor have I any doubt as to the point, that a sale of the bankrupt’s “rights of property,” when made under the order of the district court, carries to the purchaser all the rights of action which the assignee himself could exercise in respect of ■such property. (Bankrupt Act of 1841, § 2, 3, 9 ; Sands v. Codwise, 4 Johns. 536.)
The only difficulty in this cáse, is that the complainant has omitted to aver in his bill, that the mortgage and its foreclosure and the sale, were in fraud of the bankrupt law, or contrived, &c. .in contemplation of Vermeule’s bankruptcy, or that he was *390 largely indebted or insolvent at the time and those proceedings were for the purpose of defrauding his creditors.
The charge is limited to a fraud upon this court, which is not equivalent to any of those I have enumerated, and does not supply their place.
The demurrer must be allowed, with leave to the complainant to amend his bill on payment of costs of the demurrer and the hearing.